# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**HINDS COUNTY REPUBLICAN PARTY, ET AL.**                  **PLAINTIFFS**

**V.**                  **CAUSE NO. 3:12-CV-653-CWR-FKB**

**HINDS COUNTY, MISSISSIPPI, ET AL.**                  **DEFENDANTS**

## ORDER

Before the Court are the plaintiffs' motion for attorney's fees, Docket No. 78, and the defendants' motion to strike the fee request as untimely, Docket No. 79.

Pursuant to the Court's *Memorandum Opinion and Order* of January 8, 2020, which granted in part and denied in part the plaintiffs' claims, the plaintiffs were required to submit their motion for attorney's fees, if any, on or before January 29, 2020. Docket No. 73. This three-week period was one week longer than the default window provided by Rule 54(d)(2)(B).

The plaintiffs, however, did not submit their fee motion on or before January 29, nor did they move for an extension of time at any point. Instead, they filed their fee motion on May 12, 2020. The defendants' motion to strike followed.

Essentially for the reasons stated in the defendants' motion to strike, the plaintiffs' motion is due to be denied as untimely. *Accord Bush v. AFLAC*, No. 3:20-CV-265-CWR-LRA, Docket No. 13 (S.D. Miss. July 7, 2020) (denying untimely motion for attorney's fees).

The plaintiffs' response seeks to avoid this outcome by explaining that there was a flood in counsel's office on January 18. That understandably would have impaired the operation of his law practice. Unfortunately, when his practice was able to resume, counsel decided to prioritize other matters before this one—filing new civil actions before trying to grapple with the deadline

that had already passed in this matter. *See, e.g.*, *Attkisson v. Merit Health*, No. 3:20-CV-301-CWR-FKB, Docket No. 1-1 (S.D. Miss. 2020) (showing state court complaint filed on March 26, 2020); *Montgomery v. Fisher & Paykel Healthcare*, No. 3:20-CV-355, Docket No. 1-1 (S.D. Miss. 2020) (showing state court complaint filed on March 31, 2020). To the extent the flood merits an extension, then, the extension would run to the end of March, rather than to May 12. Since counsel did not file the present motion by the end of March, it is due to be denied.

For these reasons, the plaintiffs' motion is denied, and the defendants' motion is granted.

**SO ORDERED**, this the 28th day of October, 2020.

                                            s/ Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE